SOLEDAD RODRÍGUEZ, ETC., ET AL., Plaintiffs and Appellants, *v.*
JOSÉ SUÁREZ GARCÍA, Defendants and Appellees.

No. 6463. Argued January 30, 1935.—Decided March 21, 1935.

*Edelmiro Soldevila* for appellants. *R. Rodríguez Alberty* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Soledad Rodríguez, for herself and as mother with *patria potestas* over her minor children Salvador and Olga Acosta y Rodríguez, brought, in the District Court of San Juan, an action against José Suárez García and Dolores Acosta López, to recover the sum of $985. She set forth two causes of action; in the first she alleged facts showing that Salvador and Olga are the sole and universal heirs of their legitimate father José Manuel Acosta López, who died on June 23, 1928, and prayed that they be declared such heirs; and in the second, in support of her prayer that the defendants be adjudged to pay the sum claimed with interest thereon, she alleged substantially the following facts:

José Manuel Acosta López, at the time of his death, was the owner of a credit for nine hundred eighty-five dollars, awarded to him in the partition of the estates of the decedents, José Manuel Acosta Moroto and Mónica de la Cruz López Marrero, made by a public deed.

In the same partition, there was allotted to the defendant Dolores Acosta López "in part for the payment of the aforesaid credit," a certain described urban property.

On April 7, 1915, the said defendant sold the above-mentioned property to the other defendant, José Suárez García. Thereafter Suárez has continued to be owner of the property "with notice both personal and from the registry of property that such property was, and still is, answerable for the payment of the credit in question, which payment the aforesaid defendant assumed."

The credit has not been paid by either of the defendants or by anyone in their behalf; and on the contrary said de-

fendants have refused to pay the same, notwithstanding the demands made upon them by plaintiffs' predecessor in interest during his lifetime and those which the plaintiffs have been making up to less than a year before the filing of the complaint.

The defendant José Suárez García appeared and demurred to the second cause of action for insufficiency, and upon the ground that in any event it was barred in accordance with section 1865 of the Civil Code, 1911 ed.

The court heard both parties and sustained the demurrer, and, finding that the complaint was not susceptible of amendment, it rendered judgment for the defendants, without special imposition of costs.

Feeling aggrieved by that decision, the plaintiffs took the present appeal, and they have assigned in their brief the commission of three errors.

We shall consider the first and third assignments together. In the first the appellants contend that the holding of the district court as to the insufficiency of the second cause of action is contrary to the law and the adjudicated cases, and in the second that, assuming that the complaint were defective, it would be susceptible of amendment, and that accordingly the court ought not to have rendered final judgment in the case without first giving the plaintiffs an opportunity to amend their complaint.

The appellants maintain that there is a legal connection between them and the defendant Suárez, since, although Suárez took no part in the partition, he is not a third party (*tercero*), because upon acquiring the property of which he is the owner, he had notice, personally and from the registry, that such property had been allotted to the defendant Acosta to pay the credit sued upon. In support of this contention they cite section 23 of the Mortgage Law, the decisions of this court in the cases of *Vergara* v. *Pérez,* 44 P.R.R. 140, and *Luiña Hermanos & Co. et al.* v. *Registrar of Property,*

3 P.R.R. 18, 2d ed., the judgment of the Supreme Court of Spain of May 23, 1899, and the opinion of the commentator Barrachina.

The appellee Suárez on the contrary maintains that the authorities cited do not have the scope attributed to them by the appellant, and he cites in his favor the decisions of this court in the cases of *Bou* v. *Registrar*, 39 P.R.R. 318, *Sánchez* v. *Hartzell et al.*, 26 P.R.R. 620, and *Bas* v. *Ferrán*, 14 P.R.R. 181—upon which the district court based the judgment appealed from—and the opinion of the commentator Galindo.

Everything in this case depends upon the nature of the right which arises from the mention in the registry of the fact of the allotment of the property to the defendant Acosta in part to pay the credit sought to be enforced herein. If it is a real right, it prejudices the defendant García, a subsequent purchaser; if it is a personal right, it is only binding on the person to whom the allotment was made, the defendant López.

It is true that this court in the cited case of *Bas* v. *Ferrán*, 14 P.R.R. 181, held that "The fact that it has been made to appear in the registry that the balance of the purchase price remains unpaid in accordance with the provisions of article 9 of the Mortgage Law, does not in itself change the nature of the civil action which the vendor has a right to bring, nor does the mere statement that a part of the price remains unpaid constitute a real right in favor of the vendor, nor could it operate to the prejudice of a third party unless it is expressly mentioned in the registry of property."

It is likewise true that twenty-one years later the above ruling was applied in the case of *Bou* v. *Registrar*, 39 P.R.R. 318, 319, in which it was said that "the recital (*mención*) to which the legislation refers is one which establishes a real right in some one," both decisions being based on section 29

of the Mortgage Law, according to which it is only "ownership or any other property right expressly mentioned in records or cautionary notices, although not appearing in the registry as a separate and special record," which "shall be effective against third persons from the date of the entry made upon presentation of the instrument," so that if the mention does not refer to ownership or any other real right, it does not, even though existent, prejudice or bind third persons (*terceros*).

But the case which we are now considering is different. The cases of *Bas* v. *Ferrán, supra,* and *Bou* v. *Registrar, supra,* dealt with mentions of deferred purchase price, while the instant case is concerned with the allotment of a property for the payment of the debts of a decedent's estate, from which a true real right arises.

In *Vergara* v. *Pérez,* 44 P.R.R. 140, this court speaking through Mr. Justice Hutchison, said:

"The district court dismissed an unlawful detainer proceeding for want of evidence sufficient to establish title in plaintiff. In a deed of partition the property had been awarded to plaintiff for the purpose of paying certain debts against the estate of plaintiff's deceased mother. The theory of the district judge was that title had not vested in plaintiff because she had not paid the outstanding debts against the estate. These debts became, of course, a charge upon the land. The payment thereof was not made a condition precedent to the vesting of title in plaintiff nor did her right of possession depend upon such previous payment."

The essential point in that decision is that an award of property made in a partition for the payment of debts, transfers title to the person to whom the award was made, but it was also said therein: "These debts became, of course, a charge upon the land," which implies that this court considered that the right arising in such case was a real right. A similar conclusion as to the viewpoint of this court may be reached by examining what it said, through Mr. Chief

Justice Quiñones in 1900, in the case of *Luiña Hermanos & Co.* v. *Registrar*, 3 P.R.R. (2d ed.), pp. 18, 23, thus:

"With respect to the agreement contained in the deed of partition not to alienate the property, it being necessary to record an award of real estate which is subject to an obligation to pay the debts owing on the property in the manner set out in the deed, the rights of the parties interested in the payment are sufficiently guaranteed by the provisions of article 23 of the Mortgage Law, and therefore this agreement contained in the deed is an undue incumbrance which should be entirely ignored as in the case of an agreement not to mortgage for a second or third time the same property mortgaged, but it does not render void either the deed or the obligation therein contracted, nor is it therefore a defect which would prevent its admission to record in its proper turn in the registry of property."

There is a decision even more in point as to the real nature of the right in such case, rendered by the Supreme Court of Spain on May 23, 1899, 87 *J. C.* 284, 289, as follows:

"Whereas, the literal mention that article 33 of the Mortgage Law Regulations requires to be made, upon the registration of real estate awarded to any of the participants in an inheritance, of the obligation imposed thereon of applying its value to the payment of specified debts or charges, implies the constitution of a real right upon such obligation in the registry, when it is evident that all of the provisions of the Mortgage Law are inspired with the intent to record, not merely personal obligations, but those that affect real property, for which reason it can not but be considered that from the moment the partition or division of the real estate of an inheritance is thus made, the immovables allotted for the payment of debts or charges are expressly bound for such payment by the will of the heirs, and hence any subsequent alienation or encumbrance imposed thereon is subordinated to such liability."

Galindo himself, who is of a different opinion, in his *"Legislación Hipotecaria,"* vol. 2, p. 323, 4th ed. reprinted in 1903, says:

*"Effect of the mention of personal rights in records or annotations. Whether the mention of an obligation to pay debts, imposed upon an allottee (adjudicatario), is effective as against third persons*

*(terceros).*—Section 29 of the law refers only to the ownership of real property and of rights therein and is not to be extended to those which, not having that character, appear for any reason in the registry.

"The latter must, therefore, be taken as if not mentioned and having no effect as regards third persons *(terceros).*

"Now, is a literal mention made in the record of an award *(adjudicación)* for the payment of debts binding upon a third person *(tercero)* as to this obligation?

"This question has been much discussed and was recently decided by the S. C. of J., by a judgment of May 23, 1899, of which the first finding *(considerando)* is as follows: (Then follows the excerpt above quoted).

"With due respect to the holding of the high Court rendering that decision, we permit ourselves upon purely academic grounds to note that if the credit to be paid by the allottee was personal, it can not be converted into a real property right *(derecho real)* merely because the allotment was made with the obligation of satisfying such credit. In order for such conversion to follow it would be necessary that the heirs expressly state their will to bind the property allotted, to the payment of the debt, and such intention can not be presumed when it is said only that the person to whom the award is made is bound to make such payment.

"It was so stated definitely in section 23 of the Report of the Congressional Committee upon the Mortgage Law, which may be seen at the foot of section 23 of the present law, in this volume.

"But from this it should not be inferred that we hold that a record from which appear the debts which the allottee has obligated himself to pay, is without effect in the registry; since, if mentioned with a rescissory clause, in case of breach, the third person who contracts with reference to the property will have notice that the allottee has contracted that obligation, and although the latter is merely personal as to the creditor, he must see the risk which he runs that the deed of partition should be rescinded for failure to pay the debts, and the property returned to the heirs, without any possibility of his preventing this, even though he may have already recorded his right, since the cause of rescission appears from the registry. It was so provided in section 23 of the law for the Colonial Provinces.

"In any event, so far as the registrar is concerned, he must make the literal mention required by section 33, and in view of the decision of the Supreme Court to the effect that an award for the pay-

ment of debts implies the constitution of a real right, care must be taken that there appear clearly in the deed, the debt and the identity of the creditor, in order that the extent of the right of the allottee and of the creditor himself may be well defined.

"It is likewise a consequence of the holding of the Supreme Court that such real right *mentioned,* be recorded specially and separately, as is required by section 29. And what document will be presented for it? Logically it seems that the deed of award itself ought to be sufficient; but in such case section 33 should not have provided as it does that a mention be made but that it be recorded? And how will the extinction of that right be made to appear? Logically it ought to be by means of a record of the cancellation; but considering the fact that only a mention is involved, it seems to us that a marginal note would be sufficient, according to section 16. (See the fourth paragraph of the commentary on section 105.)"

We have been considering the instant case upon the assumption of a more specific complaint than the one actually filed, since we have taken into account the third assignment. In discussing it, the appellants admit frankly that their complaint is deficient, but they say:

"In order to give an idea of how very possible it would have been, if opportunity had been given to the plaintiffs to amend their complaint, for them to have set up new allegations strengthening their cause of action, let us refer only, for the present, to the character of the credit, which was not set forth in the complaint. This is an important element of the question. It is not in fact stated in the complaint how the credit claimed arose; nor is it stated clearly that it constitutes a charge (*baja*) upon the estate left upon the death of the original owner of the property, nor that the property was awarded to the defendant Dolores García expressly for the payment of such charges (*bajas*). The appellants could allege these points."

And indeed it is so.

As to the second error assigned, to wit, the one committed by the court in holding the action prescribed, it is sufficient to say that the error is manifest. In consonance with its view as to the personal character of the right arising from the mention, the court found that the action had pre-

scribed; but even so, such finding would not have been correct, since the complaint contains allegations tending to show the interruption of prescription although the plaintiffs' right had not been a real right.

The judgment appealed from must, therefore, be reversed, with leave to the plaintiffs to file an amended complaint within ten days from the date on which the judgment of this court is entered in the District Court of San Juan.